*F. Ames*, for the defendant.

---

WILLIAM E. JEWELL *vs.* INHABITANTS OF ABINGTON.

A teacher of a district school cannot recover payment for his services, until he has filled up and completed the register of the school kept by him, in compliance with the requirement of *St.* 1849, *c.* 209; and the school committee of the town have no power to waive a performance of this duty by him.

CONTRACT, to recover compensation for the plaintiff's services as teacher of a district school in the town of Abington. At the trial in the superior court, before *Ames, J.*, a verdict was returned for the defendants, upon facts which are stated in the opinion ; and the case was reported for the determination of this court.

*B. W. Harris*, for the plaintiff. The school committee are the only persons who can lawfully determine whether a register is properly filled up and completed ; and their acceptance of a register from a teacher without objection, and without any notice or request to him to fill up and complete it, is conclusive upon them, and upon the town whose agents they are.

*P. Simmons*, for the defendants.

BIGELOW, C. J. There can be no doubt, on the facts stated in the report, that the plaintiff had failed to perform the duty required of him by omitting properly to fill up and complete the register of the school kept by him. By the express provision contained in *St.* 1849, *c.* 209, he thereby forfeited all right to receive payment for his services.

The counsel for the plaintiff, not denying that he has failed to perform his legal duty in this particular, relies on certain evidence which was offered at the trial, to show that the school committee of the town had waived the performance of this duty, and that the defendants were thereby estopped from setting up his omission to keep the register in due form as a defence to this action. But the difficulty in the way of maintaining this position is, that neither the school committee nor the town have power to dispense with the proper keeping of a school register, or to waive the performance of the duty imposed by law on the teacher. The enactment requiring registers to be kept in schools was not made for the convenience or benefit of the committee or the town, nor was it designed to confer a privilege which they might surrender at their pleasure. It was intended as a public statute. It was enacted, in part, for the purpose of securing full and accurate statistics concerning the condition of the public schools of the Commonwealth, in order that the operation of the system of education adopted in the various towns and cities might come under supervision by the board of education and its secretary, so that suitable measures might be, from time to time, adopted by legislation and otherwise to supply defects in and increase the benefits derived from our common schools. Without school registers duly filled up, the school committee cannot make the returns to the board of education which the law requires of them; and it is made their special duty, by *St.* 1838, *c.* 105, to see that such registers are properly kept by the teachers. By violating their own duty, or omitting to perform it, they cannot waive or dispense with that which is imposed on teachers for public purposes, or shield them from the forfeiture incurred by their failure to comply with the requirements of the statute.

*Judgment on the verdict.*